NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARREN ANTONIO JOHNSON, JR., <br><br> Petitioner, <br><br> v. <br><br> PHILYSIS GORHAM, et al., <br><br> Respondents. | Civil Action No.: 19-16769 <br><br> OPINION |

**CECCHI, District Judge.**

**I.   INTRODUCTION**

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Warren Antonio Johnson, Jr., purportedly filed pursuant to 28 U.S.C. § 2254 challenging his 1997 North Carolina armed robbery conviction. ECF No. 1. This Court is required by Rule 4 of the Rules Governing Section 2254 Cases[1] to preliminarily review the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the following reasons, the petition is dismissed for lack of jurisdiction.

**II.   BACKGROUND**

Petitioner, Warren Antonio Johnson, Jr., is a prisoner currently confined in the Butner Federal Medical Center in Butner, North Carolina. ECF No. 1. In his purported habeas petition, Petitioner seeks to challenge a 1997 conviction for armed robbery in North Carolina. Id. Petitioner states that this conviction occurred in New Hanover County Court in Wilmington, North Carolina and was appealed to the Randall County Federal Court. Id. at 2–3. Based on the scant information

---

[1] To the extent that Petitioner's filing is actually challenging a federal conviction, this Court's screening authority would instead arise out of Rule 4 of the Rules Governing Section 2255 Proceedings. As the standard for the two Rules is essentially identical, the same analysis would apply regardless.

in the petition, it is not clear whether Petitioner seeks to challenge a North Carolina state conviction or a federal conviction arising out of the Wilmington vicinage of the Eastern District of North Carolina as Petitioner references both federal and state courts, attaches a prior § 2255 motion challenging a federal conviction, and uses a form that specifically states that it is to be used to challenge state court judgments. Id. In any event, it is clear that Petitioner is not currently confined in New Jersey, that the custodian having custody of Petitioner is not within the District of New Jersey, and that Petitioner is not challenging a New Jersey conviction. Id.

### III. DISCUSSION

#### A. Legal Standard

Pursuant to either Rule 4 of the Rules Governing Section 2254 Cases or Rule 4 of the Rules Governing Section 2255 Proceedings, the Court must preliminarily review a habeas petition and attached exhibits to determine whether it "plainly appears . . . that the petitioner is not entitled to relief." Pursuant to these rules, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

#### B. Analysis

Although Petitioner seeks to pursue his habeas petition before this Court, he is seeking to challenge either a state or federal conviction issued in North Carolina, and he is currently detained in federal prison in North Carolina. To the extent that Petitioner is challenging a federal conviction, his current habeas petition could only proceed as a motion to vacate sentence under 28 U.S.C. § 2255. *See, e.g.*, *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (stating that § 2255 is the presumptive means for challenging a federal conviction). However, a § 2255 motion must be filed in the court that imposed the sentence. *See* 28 U.S.C. § 2255(a). Accordingly,

because this Court did not sentence Petitioner, the Court is without jurisdiction to hear his current challenge to the extent he is attacking a federal sentence.

To the extent that Petitioner is seeking to challenge a North Carolina state court conviction, this Court is equally without jurisdiction. As the Supreme Court explained in *Rumsfeld v. Padilla*, "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). This rule requires "that the court issuing the writ have jurisdiction over the custodian" of the facility in which the detainee is imprisoned. *Padilla*, 542 U.S. at 442 (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)); *see also Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994) ("A district court's habeas corpus jurisdiction is territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district."). Petitioner is confined in North Carolina by a custodian located in North Carolina, who is outside the territorial jurisdiction of this Court. This Court thus lacks jurisdiction over Petitioner's habeas petition to the extent he is challenging a North Carolina state court judgment. Therefore, regardless of whether Petitioner is seeking to challenge a federal or state conviction, this Court lacks jurisdiction to consider his petition.

Because this Court lacks jurisdiction over this matter, it is required to determine whether the matter should be transferred. Whenever a civil action is filed in a court that lacks jurisdiction over that action, "the court shall, if it is in the interest of justice, transfer such action" to a court "in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631; *see also* 28 U.S.C. § 1406(a) (permitting transfer of a civil action filed in the wrong venue if transfer is in the interest of justice). Here, Petitioner's purported habeas petition fails to clearly identify the court that sentenced him or whether that conviction is a federal or state conviction. His petition likewise fails to provide the factual allegations that support his current grounds for relief and the

bases on which he seeks relief are unclear. Petitioner's allegations thus fall short of the requirement that he set forth "all grounds for relief" and "state the facts supporting each ground" contained in either Rule 2(c) of the Rules Governing Section 2254 Cases or Rule 2(b) of the Rules Governing Section 2255 Proceedings. As the petition fails to meet the pleading requirements for a habeas petition challenging either a state or federal conviction, this Court finds that it would not be in the interest of justice to transfer this matter to the Eastern District of North Carolina. Petitioner's habeas petition is therefore dismissed without prejudice for lack of jurisdiction.[2] Petitioner is free to file a new petition in the appropriate district court.

IV. **CONCLUSION**

For the reasons stated above, Petitioner's habeas petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. An appropriate Order accompanies this Opinion.

DATED: June 23, 2021

_____
**CLAIRE C. CECCHI, U.S.D.J.**

---

[2] Petitioner attaches several documents requesting leave to file a second or successive § 2255 motion. *See* ECF Nos. 1-1, 1-2. Insofar as Petitioner has not received permission to pursue a second § 2255 motion from the appropriate Court of Appeals, and to the extent Petitioner is challenging a conviction that he has previously sought to challenge via § 2255, even the proper district court would lack jurisdiction to hear Petitioner's claims. *See* 28 U.S.C. § 2255(h). The Court finds that transfer is not in the interest of justice to the extent Petitioner is challenging a previously challenged federal sentence for this reason as well.